# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RAHEEM RAHMAN, #302554 | : | |
| Petitioner | : | |
| v. | : | CIVIL ACTION NO. WMN-11-216 |
| STATE OF MARYLAND | : | |
| Respondent | : | |

oo0Ooo

## MEMORANDUM

Pending is Raheem Rahman's self-styled "Motion for Modification to Correct an Illegal Sentence," challenging the calculation and execution of his state sentence. The pleading, construed under 28 U.S.C. § 2254, will be dismissed without prejudice for lack of jurisdiction.

### I. Background

Rahman, who is an inmate at North Branch Correctional Institution and is self-represented in this matter, claims that he has been improperly denied credit to his state sentence for time served in custody as a pre-trial detainee. In 2001, Rahman was convicted in the Circuit Court for Baltimore County of robbery with a dangerous and deadly weapon. The Circuit Court imposed a mandatory sentence of twenty-five years imprisonment without the possibility of parole. Rahman's convictions were affirmed on direct appeal and state post-conviction relief was denied.

Rahman's petition under 28 U.S.C. § 2254 petition for federal habeas relief was denied on May 18, 2006. *See Rahman v. Peguese, et al.* Civil Action No. WMN-05-1980 (D. Md). On December 14, 2006, the United States Court of Appeals for the Fourth Circuit denied his application for a certificate of appealability. *See* CA4-06-7099.

## II. Jurisdiction

Rahman seeks to bring this action pursuant to Maryland state law. Federal courts are courts of limited jurisdiction; "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Mindful of Rahman's pro se status, the court accords his pleading liberal construction. *see Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). There is no basis for jurisdiction in this court to review a matter of state law.

## III. 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus

Section 2254 governs petitions filed on behalf of any person "in custody pursuant to the judgment of a State court," "on the ground that he is in custody in violation of the Constitution or laws of treaties of the United States." 28 U.S.C. § 2254(a). A section 2254 petition applies to challenges to the fact of a state inmate's conviction or the length or execution of his sentence. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) (Habeas corpus is the "... appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement."). Accordingly, the proper vehicle for Rahman's attack on his state confinement is § 2254. *See Harvey v. Horan,* 278 F.3d 370, 378 (4th Cir. 2002) (a state inmate's label for his claim cannot be controlling); *Crouch v. Norris*, 251 F.3d 720, 722-23 (8th Cir.2001). Even if when the pleading is reviewed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, however, it remains subject to dismissal without prejudice for lack of jurisdiction.

As noted above, Rahman's first 2254 petition was considered and denied. Consequently, the instant petition represents a second or successive petition. A petitioner may file a second or

successive habeas corpus petition only if he has obtained an order from the United States District Court for the Fourth Circuit authorizing this district court to consider his application. *See* 28 U.S.C. §2244(b)(3)(A). Rahman provides no evidence that he has complied with the procedural requirements for a second or successive petition, and this motion must be dismissed for lack of jurisdiction. *See Evans v. Smith,* 220 F.3d 306, 325 (4th Cir. 2000).[1]

### IV. Certificate of Appealability

A certificate of appealability may issue under 28 U.S.C. § 2253(c) (1) (A) only if the applicant has made a substantial showing of the denial of a constitutional right. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c) (2). To make such a showing, the defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484 (2000)). Petitioner has not made the

---

[1] To the extent Rahman might intend to predicate his pleading on a later 2002 state court conviction, such an action would be dismissable without prejudice for failure to exhaust state court remedies, a prerequisite for filing for habeas corpus relief under 28 U.S.C. § 2254. Further, a federal habeas challenge to the 2002 judgment would appear time-barred under the applicable one-year limitation period under 28 U.S.C. §2244. *See* 28 U.S.C. § 2244(d) (1).

requisite showing, and a certificate of appealability shall be denied.  Denial of a certificate of appealability does not prevent petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

**V.    Conclusion**

The petition shall be dismissed without prejudice for lack of jurisdiction. A separate order follows.

/s/

1/31/11        _____
Date                         William M. Nickerson
                              Senior U.S. District Judge